**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| TAMEKA BERRY and KIMBERLY WALL, individually and on behalf of all similarly situated persons, | Civil Action No. 1:20-cv-2932 |
| Plaintiffs, | |
| v. | JURY TRIAL DEMANDED |
| STEAK N SHAKE INC, an Indiana corporation, | |
| Defendant. | |

<u>**COLLECTIVE ACTION COMPLAINT**</u>

Plaintiffs, Tameka Berry and Kimberly Wall, individually, ("Plaintiffs"), on behalf of themselves and other similarly situated current and former tipped employees (servers) of Defendant, brings this collective action against Steak n Shake Inc. ("Defendant") and, alleges as follows:

**I.    <u>INTRODUCTION</u>**

This lawsuit is brought against Defendant as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* to recover unpaid minimum wages, overtime compensation, and other damages owed to Plaintiff and similarly situated current and former tipped employees (servers) of Defendant, who are members of a collective as defined herein. Plaintiffs and the putative class worked as served at Defendant's Steak 'n Shake restaurants.

**II.    <u>JURISDICTION AND VENUE</u>**

1.    The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiffs' FLSA claims is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2.     Venue in this district and division is proper pursuant to 28 U.S.C. § 1391(b) and (c) because

Defendants' corporate headquarters and principal offices have been located in this district

and division during all times material to this action.

### III.     COLLECTIVE DESCRIPTION

3.   Plaintiffs bring this action on behalf of themselves and the following similarly situated persons:

All current and former hourly-paid tipped employees who have been employed by and
worked as servers at any of Defendant's Steak 'n Shake restaurants in the United States at
any time during the applicable statutory limitations' period covered by this Collective
Action Complaint (*i.e.* two years for FLSA violations and, three years for willful FLSA
violations) up to and including the date of final judgment in this matter, and who is the
Named Plaintiff or elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b).
(Collectively, "the collective").[1]

### IV.     PARTIES

4.     Defendant Steak n Shake Inc. is an Indiana Corporation with its headquarters and principal

offices located at 107 South Pennsylvania Street, Suite 400, Indianapolis, Indiana 46204.

According to the Indiana Secretary of State, it may be served via its Registered Agent,

Corporation Service Company, 135 North Pennsylvania Street, Suite 1610, Indianapolis,

Indiana 46204.

5.     Defendant owns and operates Steak 'n Shake restaurants throughout the United States

during the three (3) year period preceding the filing of this Collective Action.

6.     Plaintiffs Berry and Wall were employed by Defendant as servers during the applicable

statutory limitations' period of this collective action.  They worked at Defendant's Steak

'n Shake restaurant located in Alpharetta, Georgia. Plaintiffs' Consents to Join this

collective action as a Named Representative Plaintiffs are attached hereto as *Exhibit A*.

---

[1]  Plaintiffs reserve the right to modify or amend the Collective Description upon newly discovered
information gathered through the discovery process.

## V.    <u>ALLEGATIONS</u>

7.      Defendant employed Plaintiffs and others similarly situated individuals as tipped employees to serve its customers at its Steak 'n Shake restaurants during all times material.

8.      Plaintiffs Berry and Wall were employed by Defendant as servers during the applicable statutory limitations' period of this collective action.  They worked at Defendant's Steak 'n Shake restaurant located in Alpharetta, Georgia.

9.      At all times material to this action, Plaintiffs and similarly situated tipped employees have been current or former "employees" of Defendant as defined by Section 203(e)(1) of the FLSA and worked for Defendant within the territory of the United States within three (3) years preceding the filing of this lawsuit.

10.     At all times material to this action, Defendant has been an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00, and its tipped employees, including Plaintiffs and collective members, likewise have engaged in interstate commerce during all relevant times.

11.     Plaintiffs and other similarly situated tipped employees worked in excess of forty (40) hours per week within weekly pay periods during all times material to this action.

12.      Plaintiffs and other similarly situated tipped employees are entitled to at least the applicable FLSA minimum wage and overtime rates of pay for hours worked per week within weekly pay periods during the three years preceding the filing of this collective action.

13. Defendant has a common plan, policy and practice of compensating Plaintiffs and other similarly situated tipped employees under a tip-credit compensation program in which they were to be paid a sub-minimum wage hourly rate of pay with their tips to be credited toward the applicable FLSA minimum wage rate of at least $7.25 per hour and for Defendant to supplement their pay for any differences in reaching $7.25 per hour when their credited tips and sub-minimum wage hourly rate of pay did not equate to at least the federal minimum wage rate of $7.25 per hour.

14. However, Defendant failed to comply and adhere to such plan and, instead, had a common practice of failing to compensate Plaintiffs and collective members the difference between their credited tips/sub-minimum wages and $7.25 per hour, as required by the FLSA.

15. Defendant merely assumed Plaintiffs and similarly situated servers earned enough tips each shift to amount to the difference between the sub-minimum wage amount they received and $7.25 per hour. As a result, Defendant regularly claimed a tip-credit for hours worked in weeks in which Plaintiffs and putative collective members' tips, when added to a tip-credit rate, did not equate to the federal minimum wage of $7.25 per hour.

16. In fact, Defendant's agents/managers intentionally altered Plaintiffs' and putative class members' "eared tips" to show that Plaintiffs and putative class made at least $7.25 per hour when combined with their tip-credit rate of pay.

17. This was a scheme to avoid Defendant's obligation to supplement Plaintiffs and putative class members' pay for any differences in reaching $7.25 per hour when their credited tips and sub-minimum wage hourly rate of pay did not equate to at least the federal minimum wage rate of $7.25 per hour.

18.    There were numerous shifts within weekly pay periods of the applicable statutory limitations' period in which Plaintiffs and similarly situated servers earned fewer tips than the difference between the sub-minimum wage pay they received and the FLSA required hourly rate of pay of at least $7.25 per hour, without Defendant supplementing the difference.

19.    As a result, Plaintiffs and other similarly situated tipped employees earned less than the required minimum wage and any applicable overtime compensation within such weekly pay periods, as required by the FLSA.

20.    Plaintiffs and putative collective members would also routinely spend hours, while compensated pursuant to a tip-credit of less than $7.25 per hour, of each shift performing tasks entirely unrelated to their tip producing duties (i.e., "dual occupation" duties) including, but not limited to: cleaning bathrooms, making milkshakes, being a cashier, and cleaning the restaurant.

21.    In addition, Plaintiffs and putative collective members also regularly spent more than twenty percent (20%) of their regularly scheduled shifts performing tasks tangentially related to their tipped occupation, but themselves non-tip producing (such as refilling salt and pepper shakers, filing condiments, refilling condiments, and rolling silverware), all while compensated pursuant to a tip credit.

22.    Plaintiffs and collective members wage claims are unified through common theories of Defendant's FLSA violations.

23.    Defendant's failure to pay Plaintiffs and collective members the applicable FLSA minimum wage and overtime rates of pay for all hours worked per week within weekly pay

periods during all times material to this action was willful with reckless disregard to established FLSA regulations and principles, and without a good faith basis.

24.    The net effect of Defendant's aforementioned plans, policies and practices was to save payroll costs and payroll taxes. As a consequence, Defendant has violated the FLSA, and thereby enjoyed ill-gained profits at the expense of their servers, including Plaintiffs and similarly situated severs.

25.    Although at this stage Plaintiffs are unable to state the exact amount owed to themselves and collective members, they believe such information will become available during the course of discovery. However, when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of proof of overcoming such testimony shifts to the employer.

## VI.    FLSA COLLECTIVE ALLEGATIONS

26.    Plaintiffs bring this action against Defendant on behalf of themselves and other similarly situated servers as a collective action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

27.    The claims under the FLSA may be pursued by those who opt-in to this case under 29 U.S.C. § 216(b).

28.    The members of the collective are so numerous that joinder of all other members of the collective is impracticable. While the exact number of the other members of the collective is unknown to Plaintiffs at this time, and can only be ascertained through applicable discovery, she believes there are hundreds of individuals in the putative collective.

29.    The claims of Plaintiffs are typical of the claims of the collective. Plaintiffs and other members of the collective who work or have worked at Defendant's Steak 'n Shake

restaurants were subjected to the same operational, compensation and timekeeping policies and practices of Defendant, without being paid fully for all their aforementioned wage claims at the applicable FLSA minimum wage and overtime compensation rates of pay.

30.     Plaintiffs and collective members are similarly situated in that Defendant failed to supplement their pay to meet their tipped employee threshold of at least the FLSA minimum and overtime rates of pay for all hours worked per week within weekly pay periods during all times material to this action.

31.     Plaintiffs and collective members also are similarly situated in that their aforementioned unpaid wage claims are unified through common theories of Defendant's FLSA statutory violations.

32.     Common questions of law and fact exist as to the collective which predominate over any questions only affecting other members of the collective individually and include, but are not limited to, the following:

- Whether Plaintiffs and other members of the collective were expected and/or required to perform work without being paid full compensation;

- Whether Defendant failed to pay Plaintiffs and the other members of the collective the applicable FLSA minimum wage and overtime rates of pay for all work performed;

- The correct statutes of limitations for the claims of Plaintiffs and other members of the collective;

- Whether Plaintiffs and other members of the collective are entitled to damages from Defendant, including but not limited to liquidated damages, and the measure of the damages; and,

- Whether Defendant is liable for interest, attorneys' interest, fees, and costs to Plaintiff and the collective.

33.     Plaintiffs will fairly and adequately protect the interests of the collective as their interests are aligned with those of the other members of the collective.  Plaintiffs have no interests

adverse to the collective, and they has retained competent legal counsel who are experienced in collective action litigation.

34. The collective action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation suffered by individual other members of the collective in a collective action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for other members of the collective to individually seek address for the wrongs done to them.

35. Plaintiffs and other members of the collective have suffered and will continue to suffer irreparable damage from the unlawful policies, practices, and procedures implemented by Defendant.

<u>**COUNT I**</u>
***VIOLATION OF THE FAIR LABOR STANDARDS ACT,***
***29 U.S.C. § 201, et seq. -- FAILURE TO PAY MINIMUM WAGE***

36. Plaintiffs hereby incorporates all of the preceding paragraphs herein.

37. At all relevant times, Plaintiffs and the putative collective were employees entitled to the FLSA's protections.

38. Defendant is an "employer" covered by the FLSA.

39. The FLSA entitles employees to minimum hourly compensation of at least $7.25 for hours worked under forty (40) in a week, *see* 29 U.S.C. § 206(b), and time and one-half for hours worked over forty (40) in a week, *see id.* at § 207(a)(1).

40. Defendant's company-wide policy and practice of requiring Plaintiffs and collective members to perform work without receiving the applicable FLSA minimum wage rates of pay for all hours worked, by "editing-in" tips they did not receive into their pay records,

resulted in a failure to satisfy its minimum wage obligations to Plaintiffs and the putative collective.

41.    As such, Defendant violated the FLSA by failing to pay Plaintiffs and other servers the required FLSA minimum wage rate of pay for all hours worked during the three (3) year period preceding the filing of this Collective Action.

42.    In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions, and without a good faith basis for such failure.

43.    Due to Defendant's aforementioned violations, Plaintiffs and those similarly situated are entitled to recover from Defendant their unpaid minimum wages for all hours worked within applicable weekly pay periods during all times material, actual and liquidated damages, including the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, et seq. – FAILURE TO PAY OVERTIME

44.    Plaintiffs hereby incorporates all of the preceding paragraphs herein.

45.    At all relevant times, Plaintiffs and other servers were employees entitled to the FLSA's protections.

46.    The FLSA entitles employees to a minimum hourly compensation of $7.25 for hours worked under forty (40) in a week, *see* 29 U.S.C. § 206(b), and time and one-half for hours worked over forty (40) in a week, *see id.* at § 207(a)(1),

47.    At all relevant times, Defendant had a policy and practice of willfully refusing to pay Plaintiffs and collective members the legally required amount of overtime compensation

for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA.

48.  As a result of Defendant's willful failure to compensate Plaintiffs and putative collective members at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendant violated and continues to violate the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1), 215(a), and 29 C.F.R. §§ 778.104.

49.  Defendant's conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

50.  Defendant did not have a good faith basis for its failure to pay Plaintiffs and collective members the applicable FLSA overtime compensation for all hours worked over forty (40) per week within weekly pay periods at all time material.

51.  Due to Defendant's violations, Plaintiffs and putative collective members are entitled to recover from Defendant their unpaid wages for the legally required amount of overtime compensation for all the hours worked by them in excess of forty (40) in a workweek, actual and liquidated damages, including the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT III
### *DUAL OCCUPATION VIOLATIONS*

52.  Plaintiffs hereby incorporate all of the preceding paragraphs herein.

53.  Pursuant to its aforementioned centralized, uniform and common plans, policies and practices, Defendant failed to pay Plaintiffs and other members of the collective the applicable minimum wage rates as required by the FLSA.

54.  At all times relevant and based on the aforementioned allegations, Defendant had a

centralized, uniform and common plan, policy and practice of willfully refusing to pay Plaintiffs and other members of the collective minimum wage for all "dual occupation" job duties, such as (but not limited to) cleaning bathrooms, washing dishes, making milkshakes, and other duties inherently unrelated to tip-producing work and typically performed by non-tipped employees.

55.     At all times relevant herein, Defendant's aforementioned centralized, uniform and common plans, policies and practices of willfully failing to pay Plaintiffs and members of the collective at least the required minimum wage rate of $7.25 an hour for all unrelated "dual occupation" job duties constitute an unpaid "minimum wage" claim of Plaintiffs and collective members. At all times relevant, Defendant had actual and/or constructive knowledge of willfully refusing to pay Plaintiffs and other members of the collective for all the aforementioned unrelated "dual occupation" time of at least the applicable FLSA minimum wage rate of pay.

56.     Defendant's aforementioned FLSA violations were willful and committed without a good faith basis.

57.     Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

58.     Due to Defendant's aforementioned willful FLSA violations, lack of a good faith basis in committing such violations, Plaintiffs and the other members of the collective are entitled to recover from Defendant compensation for unpaid minimum wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

## COUNT IV
### *FLSA VIOLATION – RELATED DUAL OCCUPATION VIOLATIONS*

59.   Plaintiffs hereby incorporate all of the preceding paragraphs herein.

60.   At all times relevant and based on the aforementioned allegations, Defendant had a centralized, uniform and common plan, policy and practice of willfully refusing to pay Plaintiffs and other members of the collective minimum wage for all "dual occupation" job duties that are tangentially related to their tipped-occupation, but non-tip producing, in excess of twenty (20%) percent of their time at only a tip credit wage and without receiving the applicable FLSA minimum wage rate of pay.

61.   At all times relevant, Defendant had actual and/or constructive knowledge of willfully refusing to pay Plaintiffs and other members of the collective minimum wages for all time spent performing duties tangentially related to their tipped occupation, but non-tip producing, excess of twenty (20%) percent of their work time.

62.   As a result of Defendant's willful failure to compensate Plaintiffs and other members of the collective for at least the applicable minimum wage rate wage for all time spent performing related, but non-tip producing job duties in excess of twenty (20%) percent of their work time, Defendant violated, and continues to violate, the FLSA.

63.   Plaintiffs and the other members of the collective are therefore entitled to compensation for unpaid minimum wages at an hourly rate required by the FLSA for all time spent performing related, non-tip producing job duties in excess of twenty (20%) percent of their work time and an additional amount as liquidated damages, together with interest, costs, and reasonable attorney's fees for the three-year statutory period under the FLSA.

## PRAYER FOR RELIEF

Whereas, Plaintiffs, individually, and on behalf of themselves and all other similarly

situated members of the collective, request this Court to grant the following relief against Defendants:

A.    Designation of this cause as a collective action and promptly issue notice pursuant to 29 U.S.C. § 216(b), apprising collective members of the pendency of this action and permitting other members of the collective to assert timely FLSA claims in this action by filing individual Consents under 29 U.S.C. § 216(b);

B.    An award of compensation for unpaid minimum wages and overtime compensation to Plaintiffs and other members of the collective at the applicable and respective FLSA minimum wage and overtime rates of pay;

C.    An award of liquidated damages to Plaintiffs and other members of the collective;

D.    An award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiffs and other members of the collective;

E.    An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiffs and other members of the collective;

F.    A ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action, and;

G.    Such other general and specific relief as this Court deems just and proper.

## **JURY TRIAL DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a **TRIAL BY JURY** on all issues so triable.

Dated: November 9, 2020.                    Respectfully Submitted,

                                            */s/J. Russ Bryant*
                                            J. Russ Bryant (TN Bar No. 033830)
                                            Robert E. Turner, IV* (TN BPR #35364)
                                            Robert E. Morelli, III* (TN BPR #037004)

**JACKSON, SHIELDS, YEISER, HOLT, OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Tel: (901) 754-8001
Fax: (901) 759-1745
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*

*Attorneys for Plaintiffs*


*Anticipating admission*