IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TAMEKA BERRY, AND KIMBERLY WALL, INDIVIDUALLY AND ON BEHALF OF ALL OTHER SIMILARLY SITUATED PERSONS,<br><br>    Plaintiffs,<br><br>    v.<br><br>STEAK N SHAKE INC.,<br><br>    Defendant. | Case No. 1:20-cv-02932-JMS-MPB |

**DEFENDANT STEAK N SHAKE INC.'S BRIEF IN SUPPORT OF
<u>MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

This is a wage-and-hour lawsuit filed under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), concerning servers who worked at Defendant Steak 'n Shake's ("Steak 'n Shake") store in Alpharetta, Georgia. The Court has conditionally certified the following FLSA collective action:

> All current and former hourly-paid tipped employees who have been employed by and worked as Servers at Defendant's Steak 'n Shake's restaurant in Alpharetta, Georgia at any time during the applicable statutory limitations' period covered by this Collective Action Complaint (i.e. two years for FLSA violations and, three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who is the Named Plaintiff or elect to opt-in to this action pursuant to the FLSA.

[Filing No. 65 at 14 (Court Order).]

This collective action currently contains the two named plaintiffs (Tameka Berry and Kimberly Wall) and three opt-in plaintiffs (Samarria Davenport, Linda Halsey, and Kiana

Bremmer[1]). [Filing No. 1 (Collective Action Complaint); Filings Nos. 69, 71, and 73 (Consents to Join Collective Action).] Each plaintiff alleges four counts:

- Count I, alleging an FLSA minimum wage violation;
- Count II, alleging an FLSA overtime violation;
- Count III, alleging an FLSA tip-credit dual-job violation; and
- Count IV, alleging an FLSA tip-credit 80-20 unrelated-tasks violation.

[Filing No. 1 (Collective Action Complaint).]

As discussed herein, deposition admissions about basic facts show that, as to some of the plaintiffs' FLSA claims, there are no genuine issues and Steak 'n Shake is entitled to summary judgment as a matter of law. Specifically:

- Plaintiff Berry admitted that, when her wages and tips are combined, she was never paid less than the minimum wage, such that she has no viable minimum wage (Count I);
- Plaintiff Davenport admitted that she never worked more than 40 hours in a week, such that she has no viable overtime claim (Count II) and her claims rest on tasks that are related to working as a server, such that she has no viable tip credit dual-job claim (Count III); and
- Plaintiff Halsey admitted she worked only a few times as a server, switching between tasks rapidly and by the minute, such that she has no viable tip credit claims (Counts III and IV).

For these reasons, and all the other discussed herein, Steak 'n Shake is entitled to summary judgment.

---

[1] Steak 'n Shake is contemporaneously moving to dismiss with prejudice Plaintiff Kiana Bremmer because she has not responded to written discovery and did not appear for her deposition.

## STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

In the below Argument section, Steak 'n Shake cites these Statements of Material Facts Note in Dispute as "Fact _."

1. Plaintiff Tameka Berry reviewed her pay records and admitted that, when her hourly wage and tips were combined, there is no situation where she earned less than $7.25 per hour. [Filing No. 84-1 at 6 (Berry Dep. at p. 70, lines 12-15 and 19-23).]

2. Plaintiff Samarria Davenport reviewed her pay records and admitted she never worked more than 30 hours a week and thus was not owed any overtime. [Filing No. 84-2 at 14 (Davenport Dep. at p. 70, lines 1-12).]

3. Plaintiff Samarria Davenport testified her FLSA claims are based exclusively on four tasks—serving as the restaurant customers' cashier, serving as their hostess, bussing their tables, and making their milkshakes. [Filing No. 84-2 at 6 to 7 and 36 (Davenport Dep. at p. 12, line 15, to p. 13, line 18; at p. 108, lines 11-16).]

4. Plaintiff Samarria Davenport testified that she could intersperse performing cashier, hostess, bussing, and milkshake tasks, with performing server tasks. [Filing No. 84-2 at 21 to 23 and 30 to 31 (Davenport Dep. at p. 89, line 11, to p. 91, line 6; at p. 102, line 23, to p. 103, line 14).]

5. Plaintiff Linda Halsey was hired to work the drive-through and was almost always clocked in as a production worker. [Filing No. 84-3 at 26 and 28 (Halsey Dep. at p. 108, lines 12-23; at p. 110, lines 2-9).]

6. When Plaintiff Linda Halsey was clocked in as a production worker, she was earning $9.20/hour. [Filing No. 84-3 at 14 and 16 (Halsey Dep. at p. 53, lines 17-20; at p. 55, lines 11-21).]

3

7. Plaintiff Halsey admitted this lawsuit is about only the very few times she was clocked in as a server. [Filing No. 84-3 at 16 (Halsey Dep. at p. 55, at lines 4-7 and 11-15).]

8. Plaintiff Linda Halsey testified that when she performed cleaning, food preparation, and other similar tasks, she was clocked-in as a production employee. [Filing No. 84-3 at 3 (Halsey Dep. at p. 118, lines 5-23).]

9. Steak 'n Shake's pay records for Plaintiff Linda Halsey show that, from 2018 forward, she clocked-in as a server on only 10 occasions. [Filing No. 84-4 at 2 and 6 (Linda Halsey Punch In-Punch Out Report).]

10. Plaintiff Linda Halsey testified that she multi-tasked between server work and other tasks, rapidly switching back and forth by the minute. [Filing No. 84-3 at 23 to 24 (Halsey Dep. at p. 105, line 15, to p. 106, line 4).]

11. The minimum wage is $7.25/hour. [Filing No. 84-3 at 7 (Halsey Dep. at p. 31, lines 9-15).]

12. The tip credit wage is $2.13/hour. [Filing No. 84-3 at 6 (Halsey Dep. at p. 30, lines 8-14).]

# ARGUMENT

### A.  The claims addressed herein are ripe for summary judgment.

"Summary judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Moncel v. Sullivan's of Indiana, Inc.*, No. 1:12-CV-1720-WTL-DML, 2014 WL 1905485, at *1 (S.D. Ind. May 13, 2014) (Judge Lawrence; quoting Federal Rule of Civil Procedure 56(a)). Simply put, "[s]ummary judgment is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Id.* at * 8 (quoting *Johnson v. Cambridge*, 325 F.3d 892, 901 (7th Cir.2003).

Courts can dispose of a plaintiff's FLSA claims via summary judgment. *See, e.g.*, *Schaefer v. Walker Bros. Enterprises*, 829 F.3d 551 (7th Cir. 2016) (affirming entry of summary judgment against restaurant servers' FLSA claims); *Moncel*, 2014 WL 1905485, at *8 (entering summary judgment against a restaurant employee's FLSA claim).

### B.  Steak 'n Shake is entitled to summary judgment on Plaintiff Berry's Count I alleging an FLSA minimum wage violation.

"The FLSA establishes a minimum wage that employers must pay their employees[.]" *Moncel*, 2014 WL 1905485, at *8; *see* 29 U.S.C. § 206(a)(1)(3) (establishing $7.25 an hour as the minimum wage). However, "the FLSA permits employers to pay less than minimum wage to those employees who regularly receive tips as part of their job. This is known as a 'tip credit.'" *Moncel*, 2014 WL 1905485, at *8 (citing 29 U.S.C. § 203(m)). Thus, with respect to tipped employees, an employer may pay $2.13 per hour. *Schaefer*, 829 F.3d at 558 (discussing "the federal minimum cash wage of $2.13 an hour required by [the FLSA, 29 U.S.C. § 203(m)"). Under the FLSA, "tips count toward the minimum wage and permit employers to pay less in the expectation that tips will make up the difference." *Id.* at 553. If combining the employee's $2.13 tip credit wage and

customer tips earned exceeds the $7.25 federal minimum wage, there is no FLSA minimum wage violation. *See Moncel*, 2014 WL 1905485, at *8.

Here, Plaintiff Tameka Berry reviewed her pay records and admitted that, when her hourly wage and tips were combined, there was no situation where she earned less than $7.25/hour. (Fact 1.) Steak 'n Shake is entitled to summary judgment on Plaintiff Berry's Count I claim alleging a minimum wage violation. *See id.* (granting summary judgment against a plaintiff's FLSA minimum wage claim because, even accepting as true the plaintiff's grievances about her tips, she "[did] not allege[] that she was not paid minimum wage for all hours worked" and thus she "failed to show a violation of the FLSA").

### C. Steak 'n Shake is entitled to summary judgment on Plaintiff Samarria Davenport's Count II alleging an FLSA overtime violation.

Under the FLSA, if an employee works more than forty hours in a week, the employer must pay overtime for the excess hours worked. *Labriola v. Clinton Ent. Mgmt.*, LLC, No. 15 C 4123, 2017 WL 1150989, at *10 (N.D. Ill. Mar. 28, 2017) (discussing 29 U.S.C. § 207(a)(1). An employee who worked less than forty hours in a week is not entitled to overtime. *See id.* at 16.

Here, Plaintiff Samarria Davenport reviewed her pay records and admitted she never worked more than 30 hours a week and thus was not owed any overtime. (Fact 2.) Steak 'n Shake is entitled to summary judgment on Plaintiff Davenport's Count II claim alleging an overtime violation. *See Labriola*, 2017 WL 1150989, at *16 (granting summary judgment against a plaintiff's FLSA overtime claim, where "it is undisputed [the plaintiff] worked 34.27 hours" during the disputed week).

### D. Steak 'n Shake is entitled to summary judgment on Plaintiff Samarria Davenport's Count III alleging a dual-job violation.

When a tipped employee such as a server is paid a tip credit wage rate, federal law addresses what tasks the server may perform and how long the server may spend on them,

6

distinguishing between duties that are (1) "related" to the server's tip-generating tipped duties, or (2) unrelated to the tipped duties and thus constitute working in a "dual occupation." *See Schaefer*, 829 F.3d at 553 (discussing the issue and relevant law). If a task is a related duty, then the server may be paid a tip-credit wage, so long as the server does not "spend a substantial amount of time (in excess of 20 percent)" performing such related duties. *Id.* at 554 (quoting the Department of Labor's Field Operations Handbook § 30d00(e)). In contrast, if a task is a dual occupation, then the server must be paid the full minimum wage. *Id.* (citing and discussing 29 C.F.R. § 531.56(e)).

Here, Plaintiff Davenport testified her FLSA claims are based exclusively on four tasks—serving as restaurant customers' cashier, serving as their hostess, bussing their tables, and making their milkshakes. (Fact 3.) She admitted she could perform each of these tasks interspersed with also performing tipped duties as a server. (Fact 4.) Under the Seventh Circuit's *Schaefer* decision and related law, each of these tasks—at most—constitutes a "related duty."[2] Courts consider the level of customer contact involved in a task, and one decision specifically holds that working as a cashier is a task related to a server's tipped duties. *Townsend v. BG-Meridian, Inc.*, No. CIV-04-1162-F, 2005 WL 2978899, at *7 (W.D. Okla. Nov. 7, 2005) (holding the plaintiff's cash register … duties were merely related duties incident to her waitress position"). The same logic applies to hostess duties. *See Kilgore v. Outback Steakhouse of Florida, Inc.*, 160 F.3d 294, 306 (6th Cir.1998) (hostess is a tipped employee); *Dole v. Continental Cuisine, Inc.*, 751 F.Supp. 799 (E.D.Ark.1990) (same, as to a maître d'). *Schaefer* expressly cites "dish removal (clearing tables)" as a related duty. 829 F.3d at 554-55 (discussing 29 C.F.R. § 531.56(e) and Department of Labor's

---

[2] Steak 'n Shake makes the following factual and legal arguments for purposes of this summary judgment motion only, reserving all rights, particularly with respect to contending the tasks underlying Plaintiff Davenport's claims are a part of a server's tip-generating work and thus do not constitute either "related duties" or a "dual job."

7

Field Operations Handbook § 30d00(e). As for making milkshakes, under *Schaefer*'s analysis, it is "of the same general kind" as tasks found to be related duties. *Id.* at 555 ("ensuring that hot cocoa is ready to serve and that strawberries are spread on the waffles" are related duties); 29 C.F.R. § 531.56(e) (toasting bread and making coffee are related duties).

Because Plaintiff Davenport's FLSA claim is based on tasks related to her server tipped duties, Steak 'n Shake is entitled to summary judgment as to her Count III claim alleging a dual-job violation. *See Schaefer*, 829 F.3d at 554-55 (affirming summary judgment against plaintiffs, because restaurant servers had no dual-occupation FLSA claim where the alleged activities were related to their tipped activities).

### E. Steak 'n Shake is entitled to summary judgment on Plaintiff Linda Halsey's Count III alleging a tip-credit dual-job violation and Count IV alleging a tip-credit 80-20 violation.

The FLSA's tip credit provisions pertain to an employee who works in a tipped occupation and is paid a reduced tip credit wage. *See, e.g.*, *Moncel*, 2014 WL 1905485, at *8 (citing 29 U.S.C. § 203(m)); 29 U.S.C. § 203(t) (defining "tipped employee"). But if an employee works in an non-tipped occupation and was paid at least the full minimum wage—such as a restaurant "back of house" food production worker—the FLSA's tip credit provisions are inapplicable. *See Schaefer*, 829 F.3d at 554-55.

Here, Plaintiff Linda Halsey was hired to work the drive-through and was almost always clocked in as a production worker, and in that role she was paid more than minimum wage. (Facts 5, 6, and 11.) Indeed, Plaintiff Halsey admitted her lawsuit only involves the few times she was clocked in as a server making $2.13 an hour. (Facts 7 and 12.)

Steak 'n Shake is entitled to summary judgment on Plaintiff Halsey's tip credit-based claims (Counts III and IV). First, she has not identified any tasks it was inappropriate for her to perform as a server paid a tip credit wage. Plaintiff Halsey testified that when she performed some

8

tasks that might allegedly give rise to a tip credit claim—such as cleaning and preparing food—she was actually clocked-in as a production employee. (Fact 8.) Plaintiff Halsey admits she was paid more than minimum wage as a production employee (Facts 6 and 11), barring as a matter of law a tip credit-claim as to that work time.

Second, the Seventh Circuit has held that "the possibility that a few minutes a day were devoted to keeping the restaurant tidy does not require the restaurants to pay the normal minimum wage rather than the tip-credit rate for those minutes." *Schaefer*, 829 F.3d at 555. That applies directly to Plaintiff Halsey, as she admitted she worked as a server earning a tip credit wage only a very few times (Fact 7), and a review of her records shows she clocked in as a server on only ten occasions (Fact 9). Moreover, she described working in a multitasking fashion while working as a server, quickly switching between tasks by the minute. (Fact 10.)

Plaintiff Halsey testified to a situation no different than *Schaefer*, where the Seventh Circuit wrote that "the Fair Labor Standards Act does not 'convert federal judges into time-study professionals' and require every minute to be accounted for." *Schaefer*, 829 F.3d at 555 (quoting *Sandifer v. U.S. Steel Corp.*, 571 U.S. 220, 234 (2014)). Under this law, Steak 'n Shake is entitled to summary judgment on Plaintiff Halsey's tip credit-based claims alleged in Counts III and IV.

## CONCLUSION

The admissions in Plaintiffs' deposition testimony show that, as to the claims discussed here, there is no genuine issue and Steak 'n Shake is entitled to judgment as a matter of law. The court should grant Steak 'n Shake summary judgment as to:

- Plaintiff Berry's Count I;
- Plaintiff Davenport's Counts II and III; and
- Plaintiff Halsey's Counts III and IV.

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

/s/ Darin P. Shreves
Patrick F. Hulla, MO 41745
Darin P. Shreves, MO 64153
4520 Main Street, Suite 400
Kansas City, MO  64111
Telephone:  816-471-1301
Facsimile:  816-471-1303
patrick.hulla@ogletree.com
darin.shreves@ogletree.com

**ATTORNEYS FOR DEFENDANT STEAK N SHAKE INC.**

10

## CERTIFICATE OF SERVICE

      I hereby certify that on April 14, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

J. Russ Bryant
Robert E. Turner, IV
Robert E. Morelli, III
**JACKSON, SHIELDS, YEISER,**
**HOLT, OWEN & BRYANT**
rbryant@jsyc.com
rturner@jsyc.com
rmorelli@jsyc.com

**ATTORNEYS FOR PLAINTIFF**

                                      /s/ Darin P. Shreves
                                      **ATTORNEY FOR DEFENDANT**
                                      **STEAK N SHAKE INC.**

51122642.v3-OGLETREE