IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TAMEKA BERRY, AND KIMBERLY WALL, INDIVIDUALLY AND ON BEHALF OF ALL OTHER SIMILARLY SITUATED PERSONS,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>STEAK N SHAKE INC.,<br><br>　　　　Defendant. | Case No. 1:20-cv-02932-JMS-MPB |

**DEFENDANT STEAK N SHAKE INC.'S BRIEF IN SUPPORT OF PARTIALLY OPPOSED MOTION TO DISMISS PLAINTIFF KIANA BREMMER WITH PREJUDICE**

This is a wage-and-hour lawsuit filed under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") that the Court has conditionally certified as a collective action. [Filing Nos. 65 (Court Order) and 67 (Court Order).] Plaintiff Kiana Bremmer filed a Consent to Join the collective action as an opt-in plaintiff. [Filing No. 69.] However, when Defendant Steak 'n Shake Inc. ("Steak 'n Shake") properly served Ms. Bremmer with written discovery, she did not respond in any fashion, and, when Steak 'n Shake properly noticed her deposition, she did not appear. [*See generally* Filing No. 86-1 (Discovery Questionnaire to Plaintiff Kiana Bremmer); Filing No. 86-2 at 2 to 3 (Bremmer Dep. at pp. 4-5).]

There is no dispute that, based on Ms. Bremmer's discovery non-response and deposition non-appearance, she should be dismissed from this lawsuit and excluded from a closely related one.[1] Plaintiffs' counsel and Steak 'n Shake's counsel have conferred about Ms. Bremmer, with

---

[1] The referenced closely related lawsuit is *Brown v. Steak 'n Shake Inc.*, which is a putative nationwide FLSA collective action involving Steak 'n Shake servers alleging claims that are substantively the same to those at issue here, and which is currently pending in the United States District Court for the North District of Georgia (Atlanta Division) as Case No. 1:21-cv-04474-

Plaintiffs' counsel stating they had recently been unable to reach her, do oppose her dismissal from this lawsuit without prejudice, and agree she should be excluded from *Brown*. [*See, e.g.*, Filing No. 86-3 at 1 to 2 (emails between counsel).] On the day of this filing, Defendant's counsel and Plaintiffs' counsel spoke by telephone and confirmed their respective positions. Thus, the only dispute is whether Ms. Bremmer should be dismissed with or without prejudice.[2]

Steak 'n Shake respectfully states Ms. Bremmer should be dismissed with prejudice, as is consistent with precedent within the Seventh Circuit. *See, e.g.*, *Cottle v. Falcon Holdings Mgmt., LLC*, 892 F. Supp. 2d 1053, 1058 (N.D. Ind. 2012) (Magistrate Judge Cherry dismissing with prejudice FLSA plaintiffs who failed to respond to discovery). Specifically, *Cottle* ruled dismissal with prejudice was warranted because "Defendants [were] prejudiced by the lack of any discovery responses," "Defendants [had] no other manner in which to obtain the same information," the information was "necessary for [Defendants] to determine if the opt-in FLSA Plaintiffs are similarly situated to [the named FLSA plaintiff] for purposes of the certification of the collective action" and "[n]o lesser sanction will cure this prejudice." *Id.* The same reasoning applies here, where Ms. Bremmer has failed to both respond to discovery and attend her deposition.

Additionally, a Court Order dismissing Ms. Bremmer with prejudice is necessary to make judicially enforceable the understanding and agreement that she is excluded from *Brown*, ensuring

---

LMM. Now pending in *Brown* is the named plaintiff's motion to conditionally certify a nationwide FLSA collective action. [*See, e.g.*, Filing Nos. 23 and 40 in *Brown*, No. 1:21-cv-04474-LMM (N.D. Ga.).]

[2] The parties' counsel have conferred in good faith about this dispute that concerns both discovery and dismissal. [Filing No. 86-3 at 1 to 2 (emails between counsel).] In addition to emailing, the parties' spoke by telephone, as mentioned above. Additionally, the parties discussed the issue during the status conference held with Magistrate Judge Bookman on March 10, 2022. [*See generally* Filing No. 82 (Minute Order).] Thus, Steak 'n Shake understands it is ripe for review and properly presented to the Court.

she does not get a "second bite at the apple" and is barred from asserting her FLSA claims in that closely related case.

In the alternative, Steak 'n Shake respectfully requests a Court Order dismissing Ms. Bremmer from this lawsuit and barring her from joining the *Brown* lawsuit.

Steak 'n Shake respectfully requests that the Court dismiss Ms. Bremmer with prejudice, in addition to any other relief the Court deems just and proper.[3]

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

/s/ Darin P. Shreves
Patrick F. Hulla, MO 41745
Darin P. Shreves, Mo 64153
4520 Main Street, Suite 400
Kansas City, MO  64111
Telephone:  816-471-1301
Facsimile:  816-471-1303
patrick.hulla@ogletree.com
darin.shreves@ogletree.com

**ATTORNEYS FOR DEFENDANT STEAK N SHAKE INC.**

---

[3] Steak 'n Shake reserves all of its rights to seek the costs and fees it incurred with respect to Ms. Bremmer's non-appearance at her deposition and this Motion.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 14, 2022 a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

J. Russ Bryant
Robert E. Turner, IV
Robert E. Morelli, III
**JACKSON, SHIELDS, YEISER,**
**HOLT, OWEN & BRYANT**
rbryant@jsyc.com
rturner@jsyc.com
rmorelli@jsyc.com

**ATTORNEYS FOR PLAINTIFF**

                      /s/ Darin P. Shreves
                      **ATTORNEY FOR DEFENDANT STEAK N SHAKE INC.**