UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TAMEKA BERRY and ) | |
| KIMBERLY WALL, *individually and on behalf of all* ) | |
| *similarly situated persons*, ) | |
|  ) | |
| *Plaintiffs*, ) | |
|  ) | |
| v.  ) | No. 1:20-cv-02932-JMS-MPB |
|  ) | |
| STEAK 'N SHAKE INC., ) | |
|  ) | |
| *Defendant*. ) | |

**ORDER**

On November 9, 2020, Plaintiffs Tameka Berry and Kimberly Wall initiated the present action against Defendant Steak 'n Shake Inc. ("Steak 'n Shake") on behalf of themselves and other similarly situated current and former Steak 'n Shake tipped employees ("Servers") under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.  [Filing No. 1.]  On August 25, 2021, Kiana Bremmer joined the present case as an opt-in Plaintiff, [Filing No. 69], but has subsequently failed to respond to discovery, [Filing No. 86-1; Filing No. 86-2].

Presently before the Court is Steak 'n Shake's Partially Opposed Motion to Dismiss Plaintiff Kiana Bremmer with Prejudice, [Filing No. 86], which seeks dismissal of Ms. Bremmer with prejudice, or in the alternative, dismissal of Ms. Bremmer without prejudice and an order from the Court barring her from joining *Brown v. Steak 'n Shake Inc*., Case No. 1:21-cv-04474-SEG (N.D. Ga.) ("the Related Case").[1]  In support of its Motion, Steak 'n Shake has indicated that Plaintiffs'

---

[1] Steak 'n Shake references the Related Case as Case No. 1:21-cv-04474-LMM in its Motion. However, subsequent to the filing of Steak 'n Shake's Motion in the present case, the Related Case was reassigned to Judge Sarah E. Geraghty and, thus, the Related Case's designation was changed to 1:21-cv-4474-SEG.

counsel opposes Ms. Bremmer's dismissal with prejudice but has not objected to Ms. Bremmer's dismissal without prejudice or to the exclusion of Ms. Bremmer from any notice authorized in the Related Case.  [Filing No. 86-3 at 1; Filing No. 87.]  Plaintiffs did not further respond to Steak 'n Shake's Motion and the time to do so has now passed.  For the following reasons, Steak 'n Shake's Motion is granted.

## I.
### STANDARD OF REVIEW

If a plaintiff fails to prosecute or to comply with the Federal Rules of Civil Procedure or a court order, a defendant may move to dismiss the action or any claim against it.  Fed. R. Civ. P. 41(b).  Additionally, the Court may order sanctions against a party for failing to cooperate in discovery, including dismissing the action or proceeding in whole or in part.  Fed. R. Civ. P. 37.  Unless a dismissal order states otherwise, involuntary dismissal ordinarily operates as an adjudication on the merits.  Fed. R. Civ. P. 41(b).

The appropriateness of dismissal "depends on all the circumstance of the case."  *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 561 (7th Cir. 2011) (citing *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 641–42 (1976), and *Link v. Wabash R. Co.*, 370 U.S. 626, 633 (1962)).  However, the Seventh Circuit has "urge[d] courts to consider imposing lesser sanctions before dismissing a case for failure to prosecute."  *Harris v. Emanuele*, 826 F. App'x 567, 569 (7th Cir. 2020) (citations omitted).  Accordingly, "[s]uch dismissals are warranted 'only in extreme situations, where there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailable.'"  *Id.* (quoting *Dunphy v. McKee*, 134 F.3d 1297, 1299–1300 (7th Cir. 1998)).

## II.
### BACKGROUND

The following factual allegations are taken from the Complaint and are accepted as true solely for the purpose of this order.

Plaintiffs allege that they were employed as Servers by Steak 'n Shake, where they worked in excess of forty hours per week. [Filing No. 1 at 3.] Plaintiffs are entitled to "at least the applicable FLSA minimum wage and overtime rates of pay for hours worked per week within weekly pay periods." [Filing No. 1 at 3.] Steak 'n Shake utilized a "tip-credit compensation program" ("the Policy") in which Servers were paid below the FLSA minimum wage rate of at least $7.25 per hour ("the Minimum Wage Rate") but the Servers' tips were credited towards the Minimum Wage Rate. [Filing No. 1 at 4.] If Servers' combined tips and hourly wage did not equal the Minimum Wage Rate, Steak 'n Shake would "supplement" the Severs' pay to equal the Minimum Wage Rate. [Filing No. 1 at 4.]

However, in practice, Steak 'n Shake failed to adhere to the Policy and failed to compensate Servers for the difference between the Minimum Wage Rate and the Server's combined tips and wage rate. [Filing No. 1 at 4.] Instead, Steak 'n Shake "merely assumed" that Servers earned enough in tips to meet the Minimum Wage Rate or "intentionally altered" Servers' earned tips to mispresent that Servers were earning at least the Minimum Wage Rate. [Filing No. 1 at 4.] As a result of these practices, there were "numerous shifts within weekly pay periods" where Servers earned less than the Minimum Wage Rate without Steak 'n Shake supplementing the difference. [Filing No. 1 at 5.]

Additionally, Servers would routinely spend hours of each shift performing tasks "entirely unrelated to their tip producing duties" ("Dual Occupation Duties"), which included tasks, such as cleaning bathrooms, making milkshakes, being a cashier, and cleaning the restaurant. [Filing No.

1 at 5.] In addition to the Dual Occupation Duties, Servers also spent more than 20% of each shift performing tasks that were "tangentially related to their tipped occupation, but themselves non-tip producing" ("Tangentially Related Duties"), such as refilling salt and pepper shakers, refilling condiments, and rolling silverware. [Filing No. 1 at 5.] Severs were not compensated at the Minimum Wage Rate for their time performing Dual Occupation Duties or Tangentially Related Duties. [Filing No. 1 at 5.]

### III.
### PROCEDURAL HISTORY

Ms. Berry and Ms. Wall filed their Collective Action Complaint on November 9, 2020, on behalf of themselves and all similarly situated persons. [Filing No. 1.] On April 20, 2021, Ms. Berry and Ms. Wall filed a Motion for FLSA Conditional Certification. [Filing No. 54.] On July 19, 2021, the Court conditionally certified the following class:

> All current and former hourly-paid tipped employees who have been employed by and worked as Servers at Defendant's Steak 'n Shake's restaurant in Alpharetta, Georgia at any time during the applicable statutory limitations' period covered by this Collective Action Complaint (i.e., two years for FLSA violations and, three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who is the Named Plaintiff or elect to opt-in to this action pursuant to the FLSA.

[Filing No. 65 at 14.] On August 9, 2021, the Court authorized Plaintiffs' counsel to issue Notice and Consent-to-Join forms to the potential class members. [Filing No. 67.]

On August 25, 2021, Ms. Bremmer filed a Consent to Join the collective action as an opt-in plaintiff. [Filing No. 69.] On January 20, 2022, Steak 'n Shake served written discovery upon Ms. Bremmer, [Filing No. 86-1], but she failed to respond, [Filing No. 87 at 1]. Additionally, Steak 'n Shake asserts that it issued notice to Ms. Bremmer to take her deposition, [Filing No. 87 at 1], but she failed to appear, [Filing No. 86-2 at 2-3; Filing No. 87 at 1].

On March 8 and March 9, 2022, counsel for the parties conferred regarding Ms. Bremmer's failure to appear for her deposition and to respond to discovery requests. [Filing No. 86-3.] Plaintiffs' counsel did not dispute that Ms. Bremmer failed to respond to Steak 'n Shake's discovery requests. [Filing No. 86-3 at 2.] Plaintiffs' counsel indicated that they have been unable to reach Ms. Bremmer and do not know what happened to her. [Filing No. 86-3 at 2-3.] During this conversation, Steak 'n Shake asserted that it believed that dismissal from this case with prejudice was appropriate because "[i]t would be improper and unfair for [Ms. Bremmer] to ignore her written discovery and deposition as a party-plaintiff in this case but then be able to join the overlapping [Related Case]." [Filing No. 86-3 at 2-3.] Plaintiffs' counsel indicated that they do not object to Ms. Bremmer's dismissal without prejudice or her exclusion from any notice authorized in the Related Case. [Filing No. 86-3 at 2.] However, Plaintiffs' counsel maintained that they could not agree "to dismiss [Ms. Bremmer] with prejudice because [they] do not know what has happened to her." [Filing No. 86-3 at 2.]

Counsel for the parties further discussed this issue via telephone and during a status conference held before Magistrate Judge Bookman on March 10, 2022. [Filing No. 82; Filing No. 87 at 2.] Contemporaneously with filing its Motion, Steak 'n Shake asserts that it spoke with Plaintiffs' counsel via telephone and confirmed the parties' respective positions. [Filing No. 87 at 2.]

### IV.
#### DISCUSSION

In support of its Motion, Steak 'n Shake argues that there is no dispute between the parties that Ms. Bremmer should be dismissed from this lawsuit and, thus, the only remaining dispute is whether her dismissal should be with or without prejudice. [Filing No. 87.] Relying upon *Cottle v. Falcon Holdings Mgmt., LLC*, 892 F. Supp. 2d 1053, 1058 (N.D. Ind. 2012), Steak 'n Shake

5

argues that Ms. Bremmer's dismissal with prejudice would be consistent with precedent within the Seventh Circuit because it has been prejudiced by Ms. Bremmer's failure to respond to discovery. [Filing No. 87 at 2.] Steak 'n Shake further argues that dismissal with prejudice is necessary to "make judicially enforceable the understanding and agreement" that Ms. Bremmer is excluded from the Related Case and ensure that she does not get a "second bite at the apple." [Filing No. 87 at 2-3.]

Plaintiffs did not directly respond to Steak 'n Shake's Motion. However, Steak 'n Shake has attached to its Motion emails from Plaintiffs' counsel indicating their position as set forth above. [Filing No. 86-3.]

The Federal Rules of Civil Procedure permit the sanction of dismissal for several reasons. Under Rule 37, the Court may sanction a party, dismissing the action or proceeding in whole or in part, for failing to cooperate in discovery. Fed. R. Civ. P. 37. Specifically, Rule 37 explicitly empowers the Court to order sanctions when a party fails to attend its own deposition. Fed. R. Civ. P. 37(d). Ordinarily, dismissal under Rule 37 requires a showing of willfulness, bad faith, or fault. *Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009). However, the Seventh Circuit has recognized that "the failure to appear for [a] deposition is treated as a more significant violation than other discovery abuses." *Alston v. Deutsch Borse, AG*, 80 Fed.Appx. 517, 519 (7th Cir. 2003). Accordingly, dismissal for failure to appear for a deposition does not require a finding of willfulness. *Id.* (citing *Halas v. Consumer Servs., Inc*., 16 F.3d 161, 165 n. 6 (7th Cir. 1994)).

Under Rule 41, the Court may involuntarily dismiss an action or a part of an action: (1) where a plaintiff fails to prosecute the case; and (2) where a plaintiff fails to comply with a court order or the Federal Rules of Civil Procedure. Fed. R. Civ. P. 41(b). Dismissal under Rule 41(b) is a "stricter standard" that "requires a pattern of contumacious conduct and a showing of prejudice

to the opposing party in order to justify dismissal for failure to prosecute or for noncompliance with court orders." *In re Pansier*, 417 F. App'x 565, 569 (7th Cir. 2011).

In the present matter, there is no dispute that Ms. Bremmer has failed to respond to discovery requests and to attend her deposition. [*See* Filing No. 86-3.] There is also no dispute that Ms. Bremmer has failed to meaningfully advance her claim. [*See* Filing No. 86-3.] In fact, Ms. Bremmer's own counsel have indicated that they "do not know what has happened to her." [2] [Filing No. 86-3 at 2.]

The Court finds that it would be inappropriate to allow Ms. Bremmer to remain as a Plaintiff in this action when she has wholly failed to respond to any of Steak 'n Shake's discovery responses and failed to appear for her deposition. The Court agrees that Steak 'n Shake is prejudiced by Ms. Bremmer's continued lack of discovery responses, "which [are] necessary for [Steak 'n Shake] to determine if [she is] similarly situated to [the named FLSA plaintiffs] for purposes of the certification of the collective action." *Cottle*, 892 F. Supp. 2d at 1058. Accordingly, the Court finds that dismissal with prejudice is an appropriate sanction in this case for Ms. Bremmer's failure to provide any written discovery responses or appear at her own deposition.

The Court acknowledges that dismissal is "a harsh sanction." *Oliva v. Trans Union, LLC*, 123 F. App'x 725, 727 (7th Cir. 2005). However, courts are not obligated to tolerate unnecessary and prolonged delay, nor is the Court "required to employ graduated sanctions." *Alston*, 80 Fed.Appx. at 520. Under these circumstances, a sanction short of dismissal with prejudice would not alleviate the prejudice to Steak 'n Shake or otherwise result in Ms. Bremmer's participation in

---

[2] The Court notes that there is nothing presently before the Court which suggests that Ms. Bremmer's failure to respond to discovery or failure to advance her claims is attributable in any way to Plaintiffs' counsel.

discovery because, as the record before the Court establishes, Ms. Bremmer has become completely unresponsive to even her own counsel. As the Seventh Circuit has recognized, "[o]nce a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court; a party cannot decide for itself when it feels like pressing its action and when it feels like taking a break." *In re Nora*, 417 F. App'x 573, 575 (7th Cir. 2011) (quoting *GCIU Emp. Ret. Fund v. Chicago Trib. Co.*, 8 F.3d 1195, 1198–99 (7th Cir. 1993)) (internal quotations omitted). Put simply, Ms. Bremmer is not at liberty to voluntarily opt in as a plaintiff in a federal class action and then cut off all communication without explanation.

As discussed above, an involuntarily dismissal is presumptively with prejudice, unless the dismissal was for lack of jurisdiction, improper venue, or failure to join a party. Fed. R. Civ. P. 41(b); *Hill v. United States*, 762 F.3d 589, 591 (7th Cir. 2014). In light of Ms. Bremmer's complete failure to participate in the advancement of her claim, the Court agrees that allowing Ms. Bremmer a "second bite at the apple" to bring her claims against Steak 'n Shake would be unfair. Accordingly, the Court declines to deviate from the presumption, and finds that dismissal with prejudice is appropriate in this circumstance.

For the reasons stated above, the Court concludes that dismissal with prejudice is appropriate under Rule 37(d) and Rule 41(b). Therefore, Steak 'n Shake's Motion is **GRANTED** and Ms. Bremmer's claims are **DISMISSED WITH PREJUDICE**.

## V.
### CONCLUSION

For the foregoing reasons, the Court **GRANTS** Steak 'n Shake's Partially Opposed Motion to Dismiss Plaintiff Kiana Bremmer With Prejudice, [86].  Ms. Bremmer's claims against Steak 'n Shake are **DISMISSED WITH PREJUDICE.**  All other claims asserted by other Plaintiffs shall remain pending, and no partial final judgment will enter at this time.

Date: 6/22/2022

*[signature]*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**